UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC SCOTT PIPPIN, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 20-3164 |
| ) | |
| JACK CAMPBELL, et. al., ) | |
|    Defendants. ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint and consideration of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. [5].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Sheriff Jack Campbell, Jail Superintendent Larry Beck, Lieutenant William Smith, and the Sheriff's Department violated his constitutional rights at the Sangamon County Jail.

Plaintiff says on June 5, 2020, he was placed in "Security Offender Status." (Comp, p. 5). Due to this designation, Plaintiff says he only has 20 minutes to either take a shower or go to the law library. Plaintiff says he needs more law library time

1

because he is proceeding *pro se* in another civil case and in a pending criminal case. In addition, Plaintiff says he is now required to shower in full restraints "which is clearly a violation of the Plaintiff's rights to be free from cruel and unusual punishment." (Comp., p. 5).

Plaintiff has not articulated a constitutional violation based on limited time in the law library because Plaintiff does not allege he suffered an actual injury as a result. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Lewis v. Casey,* 518 U.S. 343, 350 (1996)(holding a prisoner must allege "a lack of access to legal materials has undermined," or caused to founder, "a concrete piece of litigation"). "Although fact pleading is unnecessary, a prisoner's complaint must spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz*, 561 F.3d at 671 (internal citation omitted).

Plaintiff has provided little information concerning his second claim alleging he was forced to wear restraints in the shower. For instance, Plaintiff does not state why he was placed on Security Offender Status and he has not alleged a due process violation based on this placement.

Plaintiff does mention other pending litigation in his complaint and Plaintiff filed another lawsuit pursuant to 41 U.S.C. §1983 on the same day he filed this case. In *Pippin v. Campbell*, Case No. 20-3163, Plaintiff mentions an altercation with other inmates on May 30, 2020 which resulted in "false criminal charges" against the Plaintiff alleging "battery" and a "hate crime." (Comp., p. 6). Sangamon County public records

demonstrate three days before Plaintiff's housing status was changed, Plaintiff was charged with five criminal counts including Aggravated Battery, two counts of committing a Hate Crime, Threatening a Public Official, and Criminal Damage to State Supported Property.[1]

Plaintiff has also failed to clarify whether he was a pretrial detainee or a convicted inmate at the time of his allegations. If Plaintiff was convicted, then any claim concerning the conditions of his confinement would be analyzed pursuant to the Eighth Amendment's prohibition against cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). On the other hand, the Fourteenth Amendment Due Process Clause governs conditions-of-confinement claims for pretrial detainees. *Miranda v. County of Lake*, 900 F.3d 335, 351–54 (7th Cir. 2018).

Under either standard, Plaintiff must allege conditions which are "sufficiently serious" that result "in the denial of the minimal civilized measure of life's necessities." *See Farmer v Brennan*, 511 U.S. 825, 834 (1994).[2] Requiring an inmate on Security Offender Status to wear restraints while showering does not meet this test. *See Williams v. Scott*, 1995 WL 729314, at *9 (N.D.Ind. Aug. 23,1995)("Courts which have addressed claims based on the…the use of in-shower restraints have concluded that such measures do not result in an Eighth Amendment violation.")(*citing cases*); *see also*

---

[1] Sangamon County Circuit Clerk, Records, Case No. 2020-CF-615; records.sangamoncountycircuit clerk.org/sccc/DisplayDocket.sc, (last visited July 1, 2020).

[2] While the Fourteenth Amendment and Eighth Amendment apply different standards to access a Defendant's conduct, both claims "overlap in the assessment of whether the conditions were sufficiently severe." Mays, 2020 WL 1812381, at *7, FN 6; *see also Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019).

*Branham v. Meachum,* 77 F.3d 626, 631 (2d Cir.1996) (requiring an inmate on "lockdown" to shower while wearing leg irons does not state a claim under the Eighth Amendment).

Since Plaintiff is proceeding *pro se*, the Court will allow Plaintiff a chance to file an amended complaint clarifying his claim regarding law library time. Plaintiff's amended complaint must stand complete on its own and must not refer to any other document. Plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz,* 561 F.3d at 671.

Plaintiff is further reminded he must be able to demonstrate he fully exhausted his administrative remedies at the Sangamon County Jail before filing his complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

2) The Court will allow Plaintiff an opportunity to file an amended complaint within 21 days or on or before July 22, 2020. If Plaintiff does not file his amended complaint on or before July 22, 2020, or does not follow the Court's instructions, his case will be dismissed.

3) Since Plaintiff has not clearly articulated a violation of his constitutional rights, his motion for a TRO or Preliminary Injunction is denied. [5].

4) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address or telephone number. Failure to provide this information will lead to the dismissal of this lawsuit.

5) The Clerk is to provide Plaintiff with a blank complaint form for assistance and reset the internal Merit Review deadline within 30 days of this order.

Entered this 1st day of July, 2020.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE